**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

SHA'RON L. MOBLEY,

        Plaintiff,

v.                                                          Case No. 3:15-cv-1245-J-32JBT

WARDEN OF R.M.C. LAKE BUTLER,
et al.,

        Defendants.
_____

## ORDER

Plaintiff, an inmate of the Florida penal system who is proceeding as a pauper, initiated this case by filing a pro se Civil Rights Complaint (Doc. 1). He is currently proceeding on a Second Amended Complaint (Doc. 15). He names as Defendants the Warden of the Reception and Medical Center (RMC); Sgt. Knight; Lt. Mason; three John Doe Officers; one Jane Doe Officer; Nurse Jane Doe, and Corizon Corporation. Plaintiff claims that he was subjected to two separate uses of excessive force and he was not given proper medical care.

The Prison Litigation Reform Act requires the Court to dismiss a case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). In reviewing a pro se plaintiff's pleadings, the Court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011).

With respect to whether a complaint "fails to state a claim on which relief may be granted," § 1915(e)(2)(B)(ii) mirrors the language of Federal Rule of Civil Procedure 12(b)(6), so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. Id. (quotations, alteration, and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. See Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015). Moreover, "conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal." Rehberger v. Henry Cty., Ga., 577 F. App'x 937, 938 (11th Cir. 2014) (per curiam) (quotations and citation omitted). In the absence of a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against a defendant.

Plaintiff is attempting to hold the Warden liable under a theory of respondeat superior. He alleges that the Warden "was legally responsible for the overall operation and the proper compliance and application of department rules, policies and procedures at RMC." His remaining allegations against the Warden are vague and it is unclear how the Warden allegedly violated Plaintiff's rights. As Plaintiff was previously advised, supervisory liability (respondeat superior) has been rejected as a theory of recovery under section 1983. See Orders (Docs. 4, 10). Although personal participation is not specifically required for liability under section 1983, there must be some causal connection between the defendant named and the injury allegedly sustained. One cannot be held liable for the actions and/or omissions of others, but can only be held responsible if he participated in the deprivation of Plaintiff's constitutional right(s) or directed such action and/or omission that resulted in such deprivation. See Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010) (affirming the district court's dismissal of the secretary of the FDOC because the plaintiff failed to allege that the secretary personally participated in an action that caused the plaintiff injury or that the plaintiff's "injuries were the result of an official policy that [the secretary] established"). Plaintiff's allegations are insufficient to state a claim against the Warden.

Likewise, Plaintiff has not identified an official custom, policy, or practice of Corizon that resulted in Plaintiff being injured. Based on the alleged failures of individuals who apparently work for Corizon, Plaintiff concludes, "It seems that there is an official policy condoning the denial of necessary care." Such a conclusory statement is insufficient. Moreover, Plaintiff does not contend that any official custom, policy, or practice was the

3

"moving force" behind the alleged constitutional violation. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). Therefore, the claims against Corizon are due to be dismissed.

Accordingly, it is

**ORDERED**:

1. All claims against the Warden of the Reception and Medical Center and Corizon Corporation are **DISMISSED WITHOUT PREJUDICE**. The Clerk shall terminate the Warden and Corizon as Defendants in this case.

2. Plaintiff was previously directed to submit service copies of his Second Amended Complaint. See Order (Doc. 10). He has not done so. By **July 7, 2017**, Plaintiff shall mail to the Clerk of Court two copies of the Second Amended Complaint (Doc. 15) for service on Defendants Knight and Mason.[1]

3. The Court notes that Plaintiff's current release date is scheduled for August 18, 2017.[2] Plaintiff is advised that he must keep the Court informed as to his mailing address at all times.

**DONE AND ORDERED** at Jacksonville, Florida, this 7th day of June, 2017.

TIMOTHY J. CORRIGAN
United States District Judge

---

[1] If Plaintiff determines the identities of the John and Jane Doe Defendants during discovery and he is granted leave to amend his Second Amended Complaint to name them, he may be required to submit additional service copies of the operative complaint at that time for service of process.

[2] See Corrections Offender Network, Florida Department of Corrections, available at http://www.dc.state.fl.us/appcommon/ (last visited June 7, 2017).

JAX-3 5/23
c:
Sha'Ron L. Mobley, #995507